UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JEAN G. PIERRE,                                        NOT FOR PUBLICATION

                                    Plaintiff,         **MEMORANDUM & ORDER**
                                                       14-CV-5915 (MKB) (ST)

                    v.

AIR SERV SECURITY,

                                    Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Jean G. Pierre, proceeding *pro se*, commenced the above-captioned action on

October 8, 2014 against Defendant Air Serv Security, alleging employment discrimination on the

basis of national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e *et seq.* ("Title VII").  (Compl., Docket Entry No. 1.)  Plaintiff also appears to assert a

claim of retaliation in violation of the Equal Pay Act of 1963, 29 U.S.C. § 215(a)(3) ("EPA").

(*Id.*)  On October 27, 2015, Defendant moved for summary judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure.  (Def. Mot. for Summ. J., Docket Entry No. 20.)  On April 6,

2016, the Court referred Defendant's motion for summary judgment to Magistrate Judge Steven

L. Tiscione for a report and recommendation.  (Order dated April 6, 2016.)  By report and

recommendation dated July 28, 2016 (the "R&R"), Judge Tiscione recommended that the Court

grant Defendant's motion for summary judgment.[1]  (R&R 2, Docket Entry No. 34.)  On August

---

[1]  Although the Complaint references only Title VII and the EPA, Judge Tiscione
liberally construed Plaintiff's allegations to also assert claims under the New York State Human
Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), the Fair Labor
Standards Act ("FLSA") and the New York Labor Law ("NYLL").  (R&R 1 nn.1, 3.)  The Court
similarly construes Plaintiff's claims.

15, 2016, Plaintiff objected to the R&R.[2]  (Pl. Answer to Def. Mot. to Rebut R&R ("Pl. Obj."),

Docket Entry No. 39.)  For the reasons discussed below, the Court adopts Judge Tiscione's R&R

and grants Defendant's motion for summary judgment.[3]

## I.   Background

The Court assumes familiarity with the facts of the case as set forth in detail in the R&R.

Plaintiff is of Haitian origin and speaks with a French accent.  (Compl. ¶¶ 7–8; Def. Statement of

Undisputed Material Facts Pursuant to Local Civil Rule 56.1 ("56.1") ¶ 3, Docket Entry No. 25).

Defendant provides various services to airlines, including security services.  (56.1 ¶ 1.)  On

December 23, 2011, Defendant hired Plaintiff as a security guard at the American Airlines

terminal at John F. Kennedy Airport.  (56.1 ¶ 2.)

During the first six months of Plaintiff's employment, Plaintiff received seven

disciplinary warnings, beginning on December 24, 2011.  (56.1 ¶¶ 14–33).  Plaintiff's warnings

covered conduct such as exceeding his allotted break time, (56.1 ¶ 14; Ex. I, annexed to Decl. of

---

[2]  Plaintiff's filing is eighty-nine pages in length, consisting of thirty pages of a handwritten memorandum and several exhibits.  (Pl. Obj.)  Plaintiff accuses Defendant's counsel of ethical misconduct and briefly responds to the R&R.  (*See generally id.*)  The Court considers Plaintiff's allegations regarding counsel only to the extent they are relevant to Defendant's motion for summary judgment.

[3]  On August 2, 2016, Plaintiff filed a "pre-motion conference" request asking the Court to "consolidate [his] case," (Docket Entry No. 36), presumably with Plaintiff's employment discrimination case against FJC Security Services, Inc.  *See Pierre v. FJC Security Services, Inc.*, No. 15-CV-4627 (E.D.N.Y. filed Sept. 2, 2015).  The two actions involve different defendants and different periods of employment, and do not share common questions of fact.  The Court therefore declines to consolidate these actions.  *See R.W. Grand Lodge of Free & Accepted Masons of Penn. v. Meridian Capital Partners, Inc.*, 634 F. App'x 4, 6 (2d Cir. 2015) ("A district court may consolidate actions when there are 'common question[s] of law or fact' pending before it.  A party moving for consolidation 'must bear the burden of showing the commonality of factual and legal issues in different actions, and a district court must examine the special underlying facts with close attention before ordering a consolidation.'" (alteration in original) (first quoting Fed. R. Civ. P. 42(a); and then quoting *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993))).

Craig R. Benson ("Benson Decl."), Docket Entry No. 22); refusing to return to his assigned post after a break and being disrespectful to his supervisor, resulting in a suspension, (56.1 ¶ 15; Dep. of Jean G. Pierre ("Pl. Tr.") 156:3–157:13, annexed as Exs. B & C to Benson Decl.; Ex. J., annexed to Benson Decl.); insulting a colleague and accusing the colleague of spying on him, (56.1 ¶¶ 17–25; Pl. Tr. 158:7–22, 161:12–163:8, 164:12–165:2; Ex. K., annexed to Benson Decl.); refusing to return to his post after a bathroom break and speaking to his supervisor in a loud voice, (56.1 ¶¶ 26–27; Ex. L, annexed to Benson Decl.); addressing a coworker with foul language, (56.1 ¶ 31; Ex. M, annexed to Benson Decl.); failing to properly direct traffic, (56.1 ¶ 32; Ex. N, annexed to Benson Decl.); being late to work on four different days and missing work on one day, (56.1 ¶ 33; Ex. O, annexed to Benson Decl.).

On July 31, 2012, Plaintiff's employment was terminated following an altercation with his supervisors.  (56.1 ¶¶ 34–62.)  Plaintiff had been assigned to work at a security guard post but refused to go his assigned post, yelled at his supervisors and accused them of being discriminatory and abusive.  (56.1 ¶¶ 34–36, 51; Pl. Tr. 73:13–22, 123:18–20, 136:15–137:10; Exs. F–I, annexed to Decl. of Eric Cuevas ("Cuevas Decl."), Docket Entry No. 23.)  Plaintiff's supervisors then contacted Lisa Asaro, Defendant's account manager for American Airlines, (56.1 ¶¶ 30, 38; Pl. Tr. 73:23–74:2), who asked Plaintiff to return to his assigned post and warned Plaintiff that his refusal to do so would result in termination of his employment.  (56.1 ¶¶ 38–39; Pl. Tr. 134:20–135:4.)  Plaintiff refused to return to his assigned post and was terminated.  (56.1 ¶¶ 39, 58; Pl. Tr. 133:20–23.)

According to Plaintiff, Defendant discriminated against him because his primary language is French.  Plaintiff alleges that during a conversation with Asaro in May or June of

2012, Asaro told Plaintiff that she "did not want to speak to [him] with [his] f--king French language." (Compl. 4; 56.1 ¶¶ 89–91; Pl. Tr. 37:12–16, 38:8–22, 39:22–25, 41:3–8, 215:15–20.)

## II.   Discussion

### a.   Standard of review

#### i.   Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." (citation omitted)); *see also DePrima v. N.Y.C. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

#### ii.   Summary judgment

Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Davis v. Shah*, 821 F.3d 231,

243 (2d Cir. 2016); *see also Cortes v. MTA N.Y.C. Transit*, 802 F.3d 226, 230 (2d Cir. 2015); *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015); *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013).  The role of the court "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Rogoz v. City of Hartford*, 796 F.3d 236, 245 (2d Cir. 2015) (first quoting *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010); and then citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  A genuine issue of fact exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.  The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment. *Id.*  The court's function is to decide "whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000).

Finally, the court must "liberally construe pleadings and briefs submitted by *pro se* litigants" on a motion for summary judgment, reading such submissions "to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489 (2d Cir. 2008) (first citing *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000); and then citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (noting that "when a plaintiff proceeds *pro se* a court is obliged to construe his pleadings liberally" (alterations and internal quotation marks omitted)); *Ferran v. Town of Nassau*, 471 F.3d 363, 369 (2d Cir. 2006) ("This Court will construe briefs submitted by *pro se* litigants liberally.").

### b.   Plaintiff's objections

Plaintiff objects to Judge Tiscione's recommendation that the Court grant Defendant's motion for summary judgment.  Liberally construing Plaintiff's arguments, Plaintiff appears to

raise two main objections to the R&R.  Plaintiff argues that Judge Tiscione erred in holding that Plaintiff did "not provide[] enough evidence."  (Pl. Obj. 30.)  Plaintiff also argues that Defendant's motion for summary judgment should be denied as a sanction for spoliation.  (*Id.* at 12.)  In addition, Plaintiff appears to attempt to assert a new claim against Defendant in his objections.  (*Id.* at 19–23.)  Although Plaintiff fails to specifically challenge Judge Tiscione's findings as to each of his claims, the Court nevertheless broadly construes his objections and conducts a *de novo* review of the R&R.

### i.   Title VII and NYSHRL claims

Title VII and NYSHRL discrimination claims are assessed using the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), in which the Supreme Court set forth a burden-shifting scheme that governs a plaintiff's ultimate burden of proof at trial.  *Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015) (discussing burden-shifting (first citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000); then citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993); and then citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253–55 (1981)); *see also Hyek v. Field Support Servs., Inc.*, 461 F. App'x 59, 60 (2d Cir. 2012) ("Claims brought under the NYSHRL 'are analyzed identically' and 'the outcome of an employment discrimination claim made pursuant to the NYSHRL is the same as it is under . . . Title VII.'" (alteration in original) (quoting *Smith v. Xerox Corp.*, 196 F.3d 358, 363 n.1 (2d Cir. 1999))).  Under that framework, a plaintiff must first establish a prima facie case of discrimination.  *Hicks*, 509 U.S. at 506; *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010).  The plaintiff's burden at this stage is "minimal" or "*de minimis.*"  *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010); *Holcomb v. Iona Coll.*, 521 F.3d 130, 139 (2d Cir. 2008) (quoting *Hicks*, 509 U.S. at 506).  If plaintiff meets his burden at the prima facie stage, a temporary presumption of discrimination arises, and the burden shifts to the employer-defendant

to articulate a legitimate, nondiscriminatory reason for its actions.  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015); *see Hicks*, 509 U.S. at 506–07; *Ruiz*, 609 F.3d at 492.  "The defendant's burden at this step in the analysis is also 'light.'"  *Risco v. McHugh*, 868 F. Supp. 2d 75, 99 (S.D.N.Y. 2012) (quoting *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 52 (2d Cir. 1998)).  It "is one of production, not persuasion; it 'can involve no credibility assessment.'"  *Reeves*, 530 U.S. at 142 (quoting *Hicks*, 509 U.S. at 509).  If the employer satisfies its burden, the plaintiff must then "demonstrate that the proffered reason is a pretext for discrimination."  *United States v. City of New York*, 717 F.3d 72, 102 (2d Cir. 2013).  To defeat summary judgment on a discrimination claim at this stage, "a plaintiff need only show that the defendant was in fact motivated at least in part by the prohibited discriminatory animus."  *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 156 (2d Cir. 2010); *see also Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. ---, ---, 133 S. Ct. 2517, 2522–23 (2013) ("An employee who alleges status-based discrimination under Title VII . . . [must] show that the motive to discriminate was one of the employer's motives, even if the employer also had other, lawful motives that were causative in the employer's decision.").

### 1.   Plaintiff's prima facie case

To establish a claim of racial or national original discrimination under Title VII, a plaintiff must show: "(1) he belonged to a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent."  *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012) (quoting *Holcomb*, 521 F.3d at 138); *see also Mills v. S. Conn. State Univ.*, 519 F. App'x 73, 75 (2d Cir. 2013); *Ruiz*, 609 F.3d at 491–92. Claims of discrimination on the basis of race, national origin and gender under the NYSHRL are

analyzed based on the same standard as claims under Title VII. *Vargas v. Morgan Stanley*, 438 F. App'x 7, 9 (2d Cir. 2011) (analyzing Title VII and NYSHRL discrimination claims under the same standard); *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 305 & n.3 (2004) (commenting that Title VII and the NYSHRL have the same standard for recovery and similar statutory language and are therefore analyzed according to the same standards).

Judge Tiscione found that Plaintiff satisfied the first and second prongs of his prima facie case.[4]  (R&R 13.)  He found, however, that Plaintiff failed to show that he suffered an adverse employment action or that any such action occurred under circumstances giving rise to an inference of discriminatory intent.  (*Id.*)  In considering Plaintiff's claims that he suffered an adverse employment action under circumstances giving rise to an inference of discriminatory intent, Judge Tiscione individually considered each incident identified by Plaintiff: (1) that he and other non-American born employees did not have the opportunity to make additional money because they were assigned to work primarily in the ground transportation area, (2) that he and other non-American born employees were forced to work overtime without overtime pay, (3) that he was discharged in May or June of 2012 and rehired, and (4) that he was terminated on July 31, 2012.  (*Id.* at 13–18.)  The Court considers each below.

## A.   Opportunity to make additional money

In rejecting Plaintiff's claim that he was discriminated against because he and other non-American born employees were not given the opportunity to make additional money, Judge Tiscione recognized that a plaintiff could prove discriminatory intent by showing that he was

---

[4]  Judge Tiscione noted that Plaintiff filed two affidavits in opposition to Defendant's motion for summary judgment, neither of which addressed the arguments raised by Defendant in its motion, (R&R 1 n.4), and noted that Plaintiff failed to submit a statement of material facts in violation of Local Rule 56.1, (*id.* at 2 n.5).  However, Judge Tiscione conducted a "thorough examination of the record and the docket in search of evidence that would support Plaintiff's opposition."  (*Id.*)

treated differently from other similarly situated individuals who were not members of the

plaintiff's class.  (R&R 13–14 (citing *Sethi v. Narod*, 12 F. Supp. 3d 505, 544 (E.D.N.Y. 2014)

(citing *Abdul-Hakeem v. Parkinson*, 523 F. App'x. 19, 20 (2d Cir. 2013))).)  Judge Tiscione

found, however, that Plaintiff failed to show that he was similarly situated to other employees or

that he was treated differently.  (R&R 14.)  Judge Tiscione noted that Plaintiff identified only two

employees as similarly situated individuals who earned tips, but one of the two was of Haitian

origin like Plaintiff, and therefore did not create an inference of discrimination, and Plaintiff

provided no information as to the second employee to show similarity.  (*Id.* at 14)

Judge Tiscione also found that Plaintiff had not shown an adverse action as the

acceptance of tips by Defendant's employees is "expressly prohibited by company policy."  (*Id.*)

Thus, even accepting as true Plaintiff's allegations that he was routinely "assigned to areas that

made it less likely for him to earn tips," because he was prohibited from accepting tips, "his

allegation would not rise to the level of a 'materially adverse change in the terms and conditions

of [his] employment."  (*Id.* at 14–15.)

Judge Tiscione correctly stated and applied the law to Plaintiff's claim of discrimination

based on being discriminatorily assigned to work in locations that did not allow Plaintiff to

receive tips.  As Judge Tiscione correctly noted, Plaintiff failed to present any evidence to show

that he suffered an adverse employment action, as all of Defendant's employees are prohibited

from accepting tips.  Moreover, Judge Tiscione correctly found that Plaintiff failed to prove any

inference of discrimination, as one of the two employees to whom Plaintiff compared himself

was of the same national origin as Plaintiff, and as to the other employee, Plaintiff failed to

present evidence to show that Plaintiff was similarly situated to that individual.  *See Turner v.*

*Eastconn Reg'l Educ. Serv. Ctr.*, No. 12-CV-788, 2013 WL 1092907, at *8–9 (D. Conn. Mar.15,

2013) (finding that the plaintiff's allegation that a member of her same protected class "received favorable treatment" undermined any inference of discriminatory animus); *Henny v. New York State*, 842 F. Supp. 2d 530, 555 n.24 (S.D.N.Y. 2012) (finding that the plaintiff's evidence that other employees in her same protected class received favorable treatment undermined any inference that she was terminated based on discriminatory animus against her protected class); *Sookdeo-Ruiz v. GCI Grp.*, No. 00-CV-3517, 2001 WL 121942, at *4 (S.D.N.Y. Feb. 13, 2001) (granting the defendant's summary judgment motion because the defendant offered evidence that other members of plaintiff's protected class received favorable treatment and plaintiff submitted only conclusory allegations of discrimination), *aff'd*, 31 F. App'x 17 (2d Cir. 2002).

## B.   Overtime pay

Judge Tiscione found that while Plaintiff identified "several instances wherein he claims to have not been adequately compensated for time worked," Plaintiff failed "to offer any evidence to support the argument that his failure to receive overtime pay was *because* of his national origin." (R&R 15.)  As Judge Tiscione correctly noted, despite his allegation in the Complaint that he and other non-American born employees were treated differently than American-born employees, Plaintiff "fail[ed] to identify any of the other non-American born employees who he claims were subject to the same discriminatory treatment," and therefore could not link his allegations of overtime compensation to his national origin.  (*Id.*)  Moreover, the Court notes that Plaintiff has not presented any evidence that American-born employees who were similarly situated to Plaintiff were paid overtime while Plaintiff was not, and therefore has not shown differential treatment.  *See Henry v. N.Y.C. Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 409 (S.D.N.Y. 2014) (finding that the plaintiff failed to establish discriminatory differential treatment where she failed to "identify, let alone describe, any purported comparator").

### C.   Discharge and rehire

Judge Tiscione thoroughly considered Plaintiff's claim that Defendant discriminated against him when it discharged him on March 31, 2012 and then rehired him.  (R&R 15–18.) Disregarding the factual dispute between the parties as to whether or not Plaintiff was discharged on March 31, 2012 and then rehired prior to his termination on July 31, 2012,[5] Judge Tiscione noted that Plaintiff's claim of discrimination was based on the remark of his supervisor Lisa Asaro that she did not want to hear his French accent.  (R&R 16.)  Drawing all inferences in Plaintiff's favor, Judge Tiscione accepted as true that Plaintiff's supervisor made the remark and that the remark was made "just prior to" Plaintiff's March 31, 2012 discharge.  (*Id.*)  Judge Tiscione recognized, however, that "the stray remarks of a decision-maker, without more, cannot prove a claim of employment discrimination."  (*Id.* (quoting *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir. 2001)).)  Judge Tiscione determined that "[w]hile the comment may be rude and inappropriate, a reasonable juror likely would not view the remark about Plaintiff's accent as sufficient evidence of discriminatory animus, as a comment about Plaintiff's French language does not equate to a comment about Plaintiff's Haitian national origin."  (R&R 16–17.)  Judge Tiscione noted that in his deposition testimony Plaintiff "categorically disclaim[ed] that Ms. Asaro discriminated against him because of his Haitian national origin,"

---

[5]  Judge Tiscione noted that although Plaintiff claims he was discharged in May or June of 2012 and then rehired, there is no evidence in the record of this discharge.  (R&R 13 n.11.) Because there is evidence in the record that Defendant suspended Plaintiff on March 31, 2012, Judge Tiscione construed Plaintiff's claim regarding his discharge and rehiring as "refer[ring] to this March 31, 2012 suspension."  (*Id.*)  In considering Plaintiff's claim, Judge Tiscione did not resolve whether Plaintiff was discharged and rehired "or merely suspended" because, in any event, "the only fact Plaintiff has to support his claim" is Asaro's remark.  (*Id.* at 15–16.)  Judge Tiscione noted that although Plaintiff claimed that Asaro's remark occurred in May or June of 2012, Plaintiff also claimed that Asaro made the remark "in the time period of his suspension" or discharge.  (*Id.* at 16 n.14.)  Judge Tiscione construed "all facts in [Plaintiff's] favor" and assumed that "this comment was made around the time of" Plaintiff's March 31, 2012 discharge. (*Id.*)

but instead believed that he was discriminated against because of his French accent. (*Id. at* 17.)

Judge Tiscione found that because Asaro's comments were about Plaintiff's language rather than

his national origin, it is "highly unlikely that any rational juror would find this comment

discriminatory under Title VII." (*Id.*) Judge Tiscione also found that although Asaro made the

remark shortly before Defendant discharged Plaintiff, Plaintiff presented no evidence that that

Asaro's "comment was reflective of her decision making process," and instead the record

showed that Plaintiff was discharged on March 31, 2012 "as a result of an incident of

insubordination wherein Plaintiff refused to return to his post after a break, accused one of his

supervisors, Michael Oviedo, of not calling one of her friends back from break and then told her

that 'God will punish you.'" (*Id.*) After considering the context and substance of the remark,

Judge Tiscione concluded that the "comment is a stray remark and is thus not probative of

discrimination with respect to" Plaintiff's discharge. (*Id.*) Judge Tiscione also concluded that,

even assuming the Asaro's remark could sufficiently establish discrimination in a hypothetical

case, it was insufficient in this case because "Plaintiff himself admit[ed] that he does not believe

that Ms. Asaro discriminated against him because of his Haitian national origin." (*Id.* at 17–18.)

Plaintiff contends that Asaro's comment about his French accent supports his claims of

discrimination and should have been considered. (Pl. Obj. 5, 17, 28.) Judge Tiscione drew all

inferences in Plaintiff's favor and accepted the comment as true in evaluating Plaintiff's claim.

He recognized that it was made by a supervisor and that it was made shortly before Plaintiff was

discharged, he discussed the content of the remark and the context in which it was made, and he

considered Plaintiff's testimony that Plaintiff did not believe Asaro discriminated against him on

the basis of national origin. (R&R 16–18.) In evaluating all of these factors, Judge Tiscione

correctly concluded that the remark was not probative of discrimination as to Plaintiff's

discharge in March of 2012. *See White v. Andy Frain Servs., Inc.*, 629 F. App'x 131, 134 (2d Cir. 2015) (noting that "stray remarks, without other indicia of discrimination, are not enough" to survive summary judgment, and finding that a supervisor's "off-color comments over the course of a year and a half about [the plaintiff] being black and Jewish" were merely stray remarks because there was no "causal connection between these remarks and any employment action of which [the plaintiff] complain[ed]" (internal quotation marks omitted) (citing *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998))); *Pardo v. Securitas*, No. 13-CV-3796, 2013 WL 5423798, at *2 (E.D.N.Y. Sept. 26, 2013) (finding that the plaintiff failed to establish an inference of discrimination where he "specifically disclaim[ed] discrimination on the basis of his membership in a protected class").

### D.   Termination

Judge Tiscione also construed Plaintiff's claim as alleging national origin discrimination based on his July 31, 2012 termination. (R&R 18.) As with his discrimination claim based on his March 31, 2012 discharge, Plaintiff relied on Asaro's remark as his only proof of discrimination. (*Id.*) For the same reasons discussed with regard to Plaintiff's discharge claim, Judge Tiscione correctly found that Asaro's remark was not sufficient to raise an inference of national origin discrimination with respect to Plaintiff's July 31, 2012 termination.

### 2.   Defendant's legitimate reason for its actions

Judge Tiscione also evaluated and determined that Defendant presented a legitimate, nondiscriminatory reason for Plaintiff's discharge and rehire and for Plaintiff's termination. (R&R 18–19.) Judge Tiscione found that Plaintiff's "insubordinate and disrespectful behavior" was a legitimate reason for his discharge, and his "refusal to abide by the directive of his supervisors to go to his designated work area," his yelling at his supervisors and his refusal "to turn in his badge when directed to do so" were legitimate reasons for his termination. (*Id.*)

Judge Tiscione correctly determined that Plaintiff's insubordinate behavior and refusal to comply with the orders of his superiors were legitimate, nondiscriminatory reasons for discharging and terminating Plaintiff's employment.  *See Krasner v. City of New York*, 580 F. App'x 1, 3 (2d Cir. 2014) (finding that the defendant had "sufficiently articulated a legitimate, nondiscriminatory explanation for [the plaintiff's] termination" because the "evidence was undisputed that [the plaintiff] repeatedly engaged in serious misconduct," including "insubordination" and "use of profane language"); *Housel v. Rochester Inst. of Tech.*, 6 F. Supp. 3d 294, 306 (W.D.N.Y. 2014) (finding that "insubordination and poor performance" were legitimate, nondiscriminatory reasons for terminating the plaintiff's employment).

### 3.  Pretext

Judge Tiscione determined that Plaintiff failed to present any evidence of pretext.  (R&R 19–20.)  Because Defendant established a legitimate, nondiscriminatory reason for its actions, Judge Tiscione noted that the burden shifted to Plaintiff "to present sufficient admissible evidence to establish that the legitimate reasons [Defendant] offered for its actions were pretextual."  (*Id.* at 19.)  Judge Tiscione found that Plaintiff failed to meet his burden because "the record does not support any nexus between [Defendant's] employment decisions and Plaintiff's allegations of national origin discrimination," particularly because "Plaintiff himself concede[d] that he was not discriminated against based on his national origin."  (*Id.* at 20.) Judge Tiscione correctly determined that Plaintiff failed to present evidence of a nexus between Defendant's employment actions and Plaintiff's claim of national origin discrimination, and therefore failed to establish that Defendant's legitimate, nondiscriminatory reasons were pretext. *See Clark v. Jewish Childcare Ass'n, Inc.*, 96 F. Supp. 3d 237, 256–57 (S.D.N.Y. 2015) (finding that because the plaintiff failed to establish a nexus between the defendant's decision to terminate

the plaintiff's employment and the plaintiff's allegations of discrimination, the plaintiff had

failed to establish a genuine issue of fact as to whether the defendant's legitimate reason for

terminating the plaintiff's employment was a pretext for discrimination).

Because Plaintiff failed to establish a prima facie case of discrimination and because he

also failed to establish that Defendant's legitimate, nondiscriminatory reasons for its employment

actions were pretext for discrimination, the Court adopts Judge Tiscione's recommendation and

grants Defendant's motion for summary judgment as to Plaintiff's Title VII and NYSHRL

claims.[6]

### ii.   EPA, FLSA and NYLL retaliation claims

"The EPA amended [the Fair Labor Standards Act ("FLSA")] and is codified under the

same chapter.  An employer's retaliation for filing EPA complaints, like retaliation for filing

FLSA complaints, is analyzed under section 215(a)(3)."  *Greathouse v. JHS Sec. Inc.*, 784 F.3d

105, 110 n.7 (2d Cir. 2015).  An employee may premise a section 215(a)(3) claim on an oral

complaint to an employer, provided the complaint was sufficient to put the employer on notice

that the employee was complaining of practices protected by the statute.  *Id.* at 106.  FLSA and

---

[6]  Judge Tiscione noted that Plaintiff's NYCHRL claims had to be considered separately from Plaintiff's Title VII and NYSHRL claims.  (R&R 11 n.9.)  Judge Tiscione determined that an NYCHRL claim requires a plaintiff to show that a defendant-employer treated the plaintiff "less well, at least in part for a discriminatory reason."  (*Id.* at 20 n.16 (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 n.8 (2d Cir. 2013)).)  Judge Tiscione found that Plaintiff failed to "show[] that he was treated differently because of his national origin" and that Plaintiff "failed to present evidence that supports a finding that [Defendant's] actions [we]re linked in any way to a discriminatory animus."  (*Id.*)  Because Plaintiff has failed to present any evidence from which a reasonable jury could conclude that Plaintiff was discharged and terminated for a reason other than Plaintiff's insubordinate behavior and refusal to comply with his superiors' orders, the Court grants Defendant's motion for summary judgment as to Plaintiff's NYCHRL claim.  *See Mathew v. N. Shore-Long Island Jewish Health Sys., Inc.*, 582 F. App'x 70, 71 (2d Cir. 2014) (finding that because the plaintiff did "not proffer[]evidence that the [defendant-employer] terminated him 'because of' any reason other than" the defendant's legitimate, nondiscriminatory reason, the defendant was "entitled to summary judgment" as to the plaintiff's NYCHRL claim).

NYLL retaliation claims are analyzed using the same *McDonnell Douglas* three-step burden shifting scheme that applies to Title VII and NYSHRL retaliation claims. *See Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010); *see also Wakim v. Michael Cetta, Inc.*, 559 F. App'x 109, 110 (2d Cir. 2014) (applying *McDonnell Douglas* three-step burden shifting scheme to both FLSA and NYLL retaliation claims); *Salazar v. Bowne Realty Assocs., L.L.C.*, 796 F. Supp. 2d 378, 384 (E.D.N.Y. 2011) (noting that the "standards for stating a claim for retaliation under the FLSA and the New York Labor Law significantly overlap" and are analyzed in the same manner (first citing *Mullins*, 626 F.3d at 53; and then citing *Higueros v. N.Y. State Catholic Health Plan, Inc.*, 526 F. Supp. 2d 342, 347 (E.D.N.Y. 2007))); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 302 (S.D.N.Y. 2011) (applying *McDonnell Douglas* three-step burden shifting scheme to NYLL retaliation claim).

### 1.    Plaintiff's prima facie case

"[A] plaintiff alleging retaliation under FLSA must first establish a prima facie case of retaliation by showing (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins*, 626 F.3d at 53 (citing *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000)); *see also Humphrey v. Rav Investigative & Sec. Servs. Ltd.*, --- F. Supp. 3d. ---, ---, 2016 WL 1049017, at *8 (S.D.N.Y. Mar. 11, 2016) ("A *prima facie* claim of retaliation is established by '(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action.'" (quoting *Mullins*, 626 F.3d at 53)). "An employment action disadvantages an employee if it well might have dissuaded a reasonable

worker from making or supporting similar charges." *Mullins*, 626 F.3d at 53 (alterations and internal quotation marks omitted) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).  "Although the application of pre-existing disciplinary policies to a plaintiff without more, does not constitute adverse employment action, a causal connection between an adverse action and a plaintiff's protected activity may be established through evidence of retaliatory animus directed against a plaintiff by the defendant, or by showing that the protected activity was closely followed in time by the adverse action."  *Id.* (citations and internal quotation marks omitted).

In determining that Plaintiff failed to establish a prima facie case of retaliation, Judge Tiscione considered each incident identified by Plaintiff as a basis for his retaliation claims: (1) that Defendant "failed to change [Plaintiff's] schedule and routinely assigned him to work in the 'cones' area," (2) that Defendant "disciplined him in retaliation for internal complaints he made regarding alleged unpaid overtime and discrepancies in his pay checks," and (3) that Defendant terminated Plaintiff's employment.  (R&R 22–25.)  The Court considers each below.

## A.   Failure to change schedule

In considering "Plaintiff's claim that he was retaliated against by [Defendant] when it failed to change his schedule or routinely assigned him to the cones area without relief," Judge Tiscione noted that Plaintiff claimed his protected activity was a letter Plaintiff sent to Defendant's human resources manager stating that Asaro and another supervisor were "'stealing money' and 'mak[ing] business' in the company."[7]  (R&R 22 (alteration in original).)  Judge Tiscione found that because Plaintiff in his letter was not complaining of FLSA or NYLL violations "such that these complaints constituted 'an assertion of rights protected by the statute'

---

[7]  Plaintiff failed to submit the letter and therefore Judge Tiscione could only consider Plaintiff's description of the letter during his deposition.  (R&R 23 n.18.)

17

and a 'call for their protection,'" Plaintiff's claim failed as a matter of law.  (*Id*. at 22–23

(quoting *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 473 (S.D.N.Y. 2013)).)

 Judge Tiscione correctly applied the law in finding that Plaintiff failed to establish the

first prong of the prima facie case, which requires that "a complaint must be sufficiently clear

and detailed for a reasonable employer to understand it, in light of both content and context, as

an assertion of rights protected by the statute and a call for their protection."  *Kasten v.

Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011); *see also Kassman*, 925

F. Supp. 2d at 472 (noting that under the NYLL, plaintiffs must show that they were complaining

of a violation of the NYLL in order to satisfy the first prong of the prima facie case).

### B.  Discipline for internal complaints and termination

 Judge Tiscione jointly considered Plaintiff's claims that Defendant disciplined him in

retaliation for complaining about unpaid overtime and discrepancies in his pay checks and that

Defendant terminated him in retaliation for those complaints, and found that both claims failed

as a matter of law.  (R&R 23–25.)  Judge Tiscione noted that he had "serious doubts" whether

Plaintiff had engaged in protected activity under the FLSA and the NYLL by complaining of

unpaid overtime and wage discrepancies.  (*Id*. at 23–24.)  Judge Tiscione nevertheless assumed

that Plaintiff's complaints constituted protected activity, but found that although Plaintiff's

termination was an employment action disadvantaging the plaintiff, because disciplinary

warnings "do not per se constitute a disadvantageous employment action," Plaintiff failed to

show "that all of the alleged employment actions that [Defendant] took were disadvantageous."

(*Id*. at 24 (citing *Chang v. Safe Horizons*, 254 F. App'x 838, 839 (2d Cir. 2007)).)  Judge Tiscione

found that "there is nothing in the record to suggest that a causal connection exists between the

protected activity that Plaintiff alleges that he engaged in and the alleged adverse employment

actions."  (*Id*. at 25.)  Judge Tiscione noted that Plaintiff was disciplined "many times" before he

submitted his complaints to Defendant, which "destroy[ed] any inference that he was disciplined in retaliation for protected activity," and that "Plaintiff offer[ed] no evidence suggesting that his termination had anything to do" with his complaints. (*Id.*)

Judge Tiscione correctly stated and applied the law to Plaintiff's claim of retaliation based on his complaints and his termination. As Judge Tiscione noted, Plaintiff's allegations fail to prove that his disciplinary warnings were adverse employment actions. *See Joseph v. Leavitt*, 465 F.3d 87, 91 (2d Cir. 2006) (holding that "[t]he application of [an employer's] disciplinary policies to [an employee], without more, does not constitute adverse employment action"). Moreover, Judge Tiscione correctly found that Plaintiff failed to prove any causal connection between Plaintiff's protected activity and adverse employment action as Plaintiff was disciplined before he complained to Defendant, and there was no evidence that Plaintiff was terminated because of his complaints. *See Chang*, 254 F. App'x at 840 (finding that the plaintiff failed to establish a causal connection between her protected activity and her termination because there was no temporal nexus between the two and because the record contained undisputed evidence that the plaintiff was disciplined because of her inappropriate conduct with customers).

### 2. Defendant's legitimate reason for its actions

Although he found that Plaintiff had failed to establish a prima facie case of retaliation, Judge Tiscione nevertheless evaluated and determined that Defendant presented a legitimate reason for Plaintiff's disciplinary warnings and termination. (R&R 25.) Judge Tiscione found that Plaintiff's "insubordinate or abusive conduct or violations of company policies" were legitimate reasons for his disciplinary warnings, and his "insubordinate and egregiously disrespectful behavior towards multiple supervisors on July 31, 2012" was a legitimate reason for his termination. (*Id.*) Judge Tiscione correctly determined that Plaintiff's insubordinate,

abusive and disrespectful behavior was a legitimate reason for Plaintiff's disciplinary warning and termination. *See Pointdujour v. Mount Sinai Hosp.*, 121 F. App'x 895, 897 (2d Cir. 2005) (stating that the plaintiff's "unprofessional and disruptive" conduct and her refusal to participate in a work-related program were legitimate reasons for the defendant's decision to terminate the plaintiff's employment).

### 3.   Pretext

Judge Tiscione determined that Plaintiff failed to present any evidence of pretext.  (R&R 25–26.)  Judge Tiscione found that because Plaintiff did not "present[] any evidence to support his claims, let alone show that Defendant's proffered reasons for its employment actions were false," and because "[b]are conclusory arguments of retaliation, without more, are insufficient to establish pretext," Plaintiff failed to meet his burden.  (*Id*. at 25–26.)  Judge Tiscione correctly determined that Plaintiff failed to present evidence that Defendant's employment actions were a pretext for retaliation. *See Pointdujour*, 121 F. App'x at 897 (stating that plaintiff failed to present evidence of pretext where the plaintiff's refusal to participate in a work-related program was undisputed and finding the plaintiff's "conclusory allegations" that the defendant's reason was pretext was insufficient to withstand summary judgment).

Because Plaintiff failed to establish a prima facie case of retaliation and because Plaintiff failed to establish that Defendant's legitimate reason for its employment actions were pretext, the Court adopts Judge Tiscione's recommendation and grants Defendant's motion for summary judgment as to Plaintiff's EPA, FLSA and NYLL retaliation claims.

### c.   Spoliation claim[8]

Plaintiff contends that Defendant's motion should be denied because Defendant's counsel

---

[8]  In one of the two affidavits that Plaintiff submitted in opposition to the summary

violated the "doctrine of . . . spoliation."[9]  (Pl. Obj. 12.)  Plaintiff argues that the Court should

sanction Defendant's counsel for their "professional misconduct," (*id.* at 14), and accuses

Defendant' counsel of various unethical actions.  According to Plaintiff, counsel hid or destroyed

evidence from "the cameras, timesheets, and the business records," (*id.* at 30), failed to preserve

a "tax liability" form, fraudulently edited timesheets to avoid liability, (*id.* at 22), and falsified"

Plaintiff's deposition testimony, (*id.* at 7–8).  Plaintiff also asserts that American Airlines, a

nonparty to this action, refused to preserve certain camera and videotape evidence from the

airport terminal where Plaintiff worked.  (*Id.* at 15.)

     "Spoliation is the destruction or significant alteration of evidence, or failure to preserve

property for another's use as evidence in pending or reasonably foreseeable litigation."  *In re*

*Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 148 (2d Cir. 2008) (internal

quotation marks omitted) (quoting *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473

F.3d 450, 457 (2d Cir. 2007)); *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir.

1999).  "The spoliation of evidence germane 'to proof of an issue at trial can support an

inference that the evidence would have been unfavorable to the party responsible for its

destruction.'"  *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 107 (2d Cir. 2001)

(quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)); *Deanda v. Hicks*, 137

F. Supp. 3d 543, 554 (S.D.N.Y. 2015) (quoting *Byrnie*, 243 F.3d at 107).  "In borderline cases, an

---

judgment motion, Plaintiff states that Defendant "frauded" evidence.  (Docket Entry No. 28-1.)
In addition, in a letter that Plaintiff filed with the Court on November 9, 2015, which has been
construed as further opposition to Defendant's summary judgment motion, Plaintiff accused
Defendant's counsel of falsifying his deposition transcript.  (Docket Entry No. 32.)  The Court
liberally construes this argument as having been raised in Plaintiff's November 9, 2015 letter.

   [9]  On August 3, 2016, Plaintiff commenced a separate action against Defendant's counsel
and attached to the complaint in that action many of the same documents that Plaintiff attached
to his objections to the R&R.  *See Pierre v. Law Firm Littler Mendelson P.C.*, No. 16-CV-4364
(E.D.N.Y. filed August 3, 2016).

inference of spoliation, in combination with 'some (not insubstantial) evidence' for the plaintiff's

cause of action, can allow the plaintiff to survive summary judgment." *Id.* (quoting *Kronisch*,

150 F.3d at 126); *see Wood v. Pittsford Cent. Sch. Dist.*, No. 07-CV-892, 2008 WL 5120494,

at *2 (2d Cir. Dec. 8, 2008) (quoting *Byrnie*, 243 F.3d at 107); *see also Kronisch*, 150 F.3d at 128

("We do not suggest that the destruction of evidence, standing alone, is enough to allow a party

who has produced no evidence — or utterly inadequate evidence — in support of a given claim

to survive summary judgment on that claim.  But at the margin, where the innocent party has

produced some (not insubstantial) evidence in support of his claim, the intentional destruction of

relevant evidence by the opposing party may push a claim that might not otherwise survive

summary judgment over the line.").  "[A] district court may impose sanctions for spoliation,

exercising its inherent power to control litigation."  *West*, 167 F.3d at 779 (collecting cases);

*Maldonado v. Hapag-Lloyd Ships, Ltd.*, No. 09-CV-18, 2015 WL 1966335, at *2 (E.D.N.Y.

May 1, 2015) (quoting *West*, 167 F.3d at 779).

>    To succeed on a spoliation motion the moving party must show:

>> (1) that the party having control over the evidence had an obligation
>> to preserve it at the time it was destroyed; (2) that the records were
>> destroyed with a culpable state of mind; and (3) that the destroyed
>> evidence was relevant to the party's claim or defense such that a
>> reasonable trier of fact could find that it would support that claim or
>> defense.

*Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012) (quoting *Residential Funding

Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002); *see also John Wiley & Sons, Inc.

v. Book Dog Books, LLC*, No. 13-CV-816, 2015 WL 5769943, at *6 (S.D.N.Y. Oct. 2, 2015).

"The burden falls on the 'prejudiced party' to produce 'some evidence suggesting that a

document or documents relevant to substantiating his claim would have been included among the

destroyed files.'" *Byrnie*, 243 F.3d at 108 (quoting *Kronisch*, 150 F.3d at 128); *see also Bryndle*

*v. Boulevard Towers, II, LLC*, 132 F. Supp. 3d 486, 502 (W.D.N.Y. 2015); *F.D.I.C. v. Horn*,

No. 12-CV-5958, 2015 WL 1529824, at *3 (E.D.N.Y. Mar. 31, 2015) (stating that party seeking

sanctions has burden of establishing elements of spoliation (citing *Residential Funding*, 306 F.3d

at 107)).

Plaintiff has failed to establish the necessary elements of spoliation.  Plaintiff claims that

Defendant's counsel "cheat[ed]" in a "treacherous manner with [Plaintiff's] interpreters" at

Plaintiff's deposition by "falsifying" Plaintiff's answers.  (Pl. Obj. 7–8.)  Plaintiff attached to his

objections an errata sheet with edits to his deposition testimony.  (*Id.* at 36–37.)  In moving for

summary judgment, Defendant submitted a copy of Plaintiff's deposition testimony with

Plaintiff's errata sheet.  (Pl. Tr. 111, 246–48)  There is no evidence before the Court that

Defendant's counsel falsified Plaintiff's deposition testimony and, in any event, Plaintiff's

corrections to his deposition testimony were presented to the Court by Defendant in its summary

judgment motion.  Plaintiff also claims that Defendant's counsel destroyed or modified cameras,

timesheets, business records, a tax liability form and timesheets.  (Pl. Objs. 15, 22, 30.)

However, Plaintiff has not offered any evidence that these records ever existed or that they were

destroyed by Defendant's counsel.  *See Estate of Jackson ex rel. Jackson v. Cty. of Suffolk*,

No. 12-CV-1455, 2014 WL 3513403, at *5 (E.D.N.Y. July 15, 2014) (refusing "to credit

plaintiff's conjectures about the destruction or lack of preservation of evidence in order to find

spoliation"); *Dilworth v. Goldberg*, 3 F. Supp. 3d 198, 202 (S.D.N.Y. 2014) ("[S]peculative

assertions as to the existence of documents do not suffice to sustain a motion for spoliation of

evidence." (quoting *Tri–County Motors, Inc. v. Am. Suzuki Motor Corp.*, 494 F. Supp.2d 161, 177

(E.D.N.Y. 2007))); *Khaldei v. Kaspiev*, 961 F. Supp. 2d 564, 570 (S.D.N.Y.) (holding that the

plaintiff failed to meet his burden to establish spoliation "because plaintiff's argument that there

has been any actual loss of evidence relevant to the claims or defenses in this case amounts to pure speculation"), *aff'd*, 961 F. Supp. 2d 572 (S.D.N.Y. 2013).  Because Plaintiff's spoliation motion is not supported by any evidence, the Court denies his motion.

###### d.   Additional claim

Plaintiff asserts a new claim against Defendant in his objections to the R&R.  (Pl. Obj. 19–23.)  Plaintiff alleges that Defendant willfully discriminated against him causing him financial, emotional and physical injury.  (*Id.* at 19–20.)  Plaintiff argues that because Defendant committed a "malicious injury without excuse," it is liable for "prima facie tort."  (*Id.* at 20.)

###### i.   Plaintiff's new claim is improperly raised in his objections to the R&R

"[I]t is well-established in this district and circuit that a district court generally will not consider new arguments raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."  *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 51 (E.D.N.Y. 2015) (collecting cases); *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A district court will ordinarily refuse to consider new arguments, evidence, or law that could have been, but was not, presented to the magistrate judge." (collecting cases)).  In addition, "[a]n opposition to a summary judgment motion is not the place for a plaintiff to raise new claims."  *Lyman v. CSX Transp.*, Inc., 364 F. App'x 699, 701 (2d Cir. 2010) (first quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1183, at 23 n. 9 (3d ed. 2004); and then citing *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006)); *Rojo v. Deutsche Bank*, 487 F. App'x 586, 589 (2d Cir. 2012) (same (quoting Wright & Miller, § 1183, at 23 n. 9)); *see Wilson v. City of New York*, 480 F. App'x 592, 594 (2d Cir. 2012) (stating that it is "inappropriate to raise new claims for the first time in submissions in opposition to summary judgment"); *see also Wright v. Jewish Child Care Ass'n of N.Y.*, 68 F. Supp. 3d 520, 529 (S.D.N.Y. 2014) (stating that even a *pro*

*se* litigant may not assert new claims for the first time in opposition to summary judgment (first

citing *Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, 13 (2d Cir. 2013); then citing *Oyewo v.*

*Lahood*, 515 F. App'x 10, 11 (2d Cir. 2013); and then citing *Avillan v. Donahoe*, 483 F. App'x

637, 639 (2d Cir. 2012))).  Plaintiff's claim was neither pled in the Complaint nor presented to

Judge Tiscione, and is therefore not properly before the Court.

### ii.   Plaintiff's claim is not supported by evidence

Even assuming that Plaintiff's Complaint could be liberally construed to allege such a

claim, he has not presented any evidence to support this claim.

"In order to properly plead a cause of action for prima facie tort, it is necessary to allege

that the action complained of was solely motivated by malice or 'disinterested malevolence.'"

*Swarna v. Al-Awadi*, 622 F.3d 123, 146 (2d Cir. 2010) (quoting *Dalton v. Union Bank of Switz.*,

520 N.Y.S.2d 764, 767 (App. Div. 1987)); *see Posner v. Lewis*, 18 N.Y.3d 566, 570 n.1 (2012)

(finding that a plaintiff may state a claim for prima facie tort only if "malevolence is the sole

motive for defendant's otherwise lawful act or, in [other words], unless defendant acts from

disinterested malevolence" (alteration in original) (quoting *Burns Jackson Miller Summit &*

*Spitzer v. Lindner*, 59 N.Y.2d 314, 333 (1983))); *see also McKenzie v. Dow Jones & Co.*, 355

F. App'x 533, 536 (2d Cir. 2009) ("New York courts have been very strict in holding that a cause

of action for prima facie tort will not lie unless the actions complained of can be plausibly said to

have been motivated *solely* by malice towards the plaintiff."); *Margrabe v. Sexter & Warmflash,*

*P.C.*, 353 F. App'x 547, 549 (2d Cir. 2009) ("To prevail on a *prima facie* tort claim, a plaintiff

must plead that the *only* motivation for the act was disinterested malevolence.  It is well

established that a plaintiff cannot recover unless a defendant's conduct was not only harmful, but

done with the *sole* intent to harm.  We have held that motives other than disinterested

malevolence, such as profit, self-interest, or business advantage will defeat a prima facie tort

25

claim." (internal quotation marks omitted) (citing *Twin Labs., Inc. v. Weider Health & Fitness*, 900 F.2d 566, 571 (2d Cir. 1990))).

Defendant has submitted uncontroverted evidence that Plaintiff was discharged and terminated because of his insubordinate behavior.  During the first six months of Plaintiff's employment, Plaintiff received a total of seven disciplinary warnings for insulting colleagues, being disrespectful to superiors, exceeding his allotted break time, refusing to return to his guard post when directed to do so, failing to properly perform his job duties, being late to work four times and missing work once without explanation.  (56.1 ¶¶ 14–33; Pl. Tr. 156:3–157:13, 158:7–22, 161:12–163:8, 164:12–165:2; Exs. I–O.)  Defendant terminated Plaintiff's employment on July 31, 2012, after Plaintiff refused to return to his assigned guard post despite being directed to do so by multiple supervisors and being warned that his continued refusal to return to the assigned guard post would result in his termination.  (56.1 ¶¶ 34–62; Pl. Tr. 73:13–74:2, 123:18–20, 133:20–134:3, 134:20–135:4, 136:15–137:10; Exs. F–I, annexed to Decl. of Eric Cuevas, Docket Entry No. 23.)  Thus, Plaintiff has failed to demonstrate that Defendant's sole motivation was disinterested malice, and therefore, Plaintiff's prima facie tort claim fails as a matter of law. *See Evans v. Excellus Health Plan, Inc.*, No. 11-CV-1248, 2012 WL 3229292, at *2 (N.D.N.Y. Aug. 6, 2012) (finding that the plaintiff failed to demonstrate that the defendants were solely motivated by disinterested malice and dismissing prima facie tort claim because the plaintiff was terminated for "insubordination and misconduct for having allegedly made false accusations" and for handling telephone calls "inappropriately" (internal quotation marks omitted)).

## III.   Conclusion

For the foregoing reasons, the Court adopts Judge Tiscione's R&R in its entirety and grants Defendant's motion for summary judgment.  The Clerk of Court is directed to close this case.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated:  September 21, 2016
         Brooklyn, New York

27